UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER KEITH BARCOM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:14CV40 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Christopher Keith Barcom's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 9, 2014. (ECF No. 1). By way of background, on November 2, 2012, Movant pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). As part of the Plea Agreement, the Government agreed to offer a non-binding recommendation of a sentence of 180 months in the custody of the Bureau of Prisons. (Guilty Plea Agreement (Cause No. 4:12CR207 JCH, ECF No. 28), P. 1).[1]

In her Presentence Investigation Report, the United States Probation Officer assigned to Movant's case found an enhanced sentence under the armed career criminal provisions of 18 U.S.C. § 924(e) was warranted, as Movant had at least three prior convictions for violent felonies and/or serious drug offenses. (Presentence Investigation Report (Cause No. 4:12CR207 JCH, ECF No. 34), P. 5). Pursuant to that finding, the officer reported a statutory range of imprisonment of 180 months

---

1 The Plea Agreement noted that "[i]n certain situations under Title 18, United States Code, Section 924(e) (Armed Career Criminal), [Movant] may be subject to a mandatory minimum sentence of fifteen (15) years and a maximum sentence of life and a term of supervised release of not mor (sic) than five years." (Guilty Plea Agreement, P. 3). The parties retained the right to litigate whether Section 924(e) applied to Movant's sentence. (Id.).

˘ 1 ˘

to life, and a guidelines range of 180 to 210 months. (Id., P. 19). On January 25, 2013, Movant was sentenced pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e)(1) to 180 months imprisonment, followed by supervised release for three years. (Judgment (Cause No. 4:12CR207 JCH, ECF No. 36)). Movant did not file a direct appeal of his conviction or sentence.

In the instant § 2255 Motion, Movant alleges that this Court's application of the sentencing enhancement violated his constitutional rights, because the facts underlying the enhancement, i.e., the existence of at least three prior convictions for violent felonies and/or serious drug offenses, were found by the Court rather than a jury. As support for this assertion, Movant cites to the recent Supreme Court case of *Alleyne v. United States*, which held that "any fact that increases the mandatory minimum [sentence for a crime] is an 'element' that must be submitted to the jury." *Alleyne*, --- U.S. ---, 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314 (2013) (overruling *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)).

Upon consideration, the Court notes that the Supreme Court resolved *Alleyne* on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. Judges in this district have held that *Alleyne* does not fall within either exception to the non-retroactivity rule, and thus have declined to apply its holding in § 2255 proceedings. *See, e.g.*, *Aguilera v. United States*, 2013 WL 6000070, at *2 (E.D. Mo. Nov. 12, 2013); *Affolter v. United States*, 2013 WL 4094366, at *1 (E.D. Mo. Aug. 13, 2013); *Santana v. United States*, 2014 WL 636437, at *2 (E.D. Mo. Feb. 17, 2014).

Moreover, even assuming *Alleyne* applies retroactively, it would not help Movant here. In *United States v. Abrahamson*, the Eighth Circuit addressed an argument similar to Movant's, asserted by a defendant whose sentence was enhanced because he had a prior felony drug conviction.

*United States v. Abrahamson*, 731 F.3d 751 (8th Cir. 2013), *cert. denied*, 134 S.Ct. 1565 (2014).

The Eighth Circuit rejected the claim as follows:

> In *Alleyne,* the Court held that a fact that increases a defendant's mandatory minimum sentence is an element of the crime that must be submitted to a jury. *See* 133 S.Ct. at 2155. However, the Court in *Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury. *See id.* at 2160 n. 1 (explaining that because the parties did not address the recidivism enhancement exception recognized in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Court would not revisit the issue). Because the challenged enhancement of [Defendant's] sentence was based solely on his prior felony drug conviction, it continues to fall under the recidivism exception to the jury presentation requirement that the Court recognized in *Almendarez-Torres* and left unchanged in *Alleyne*. *See United States v. Torres-Alvarado*, 416 F.3d 808, 810 (8th Cir. 2005) ("While it is unclear whether *Almendarez-Torres* and its felony exception will remain good law, we are bound by *Almendarez-Torres* until the Supreme Court explicitly overrules it." (internal citation omitted)).

*Abrahamson*, 731 F.3d at 751-52. The Court thus finds Movant's claim is precluded by Eighth Circuit precedent, and must be denied. *See also United States v. Bynum*, 536 Fed.Appx. 669 (8th Cir. 2013), *cert. denied*, 134 S.Ct. 1524 (2014).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and his claim is **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 25th Day of April, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE